ANTHONY J. CINCOTTA, P.C.
621 Shrewsbury Avenue
Shrewsbury, NJ 07702
(732) 747-0709
Attorney for Plaintiffs

STRACI & COOPER, LLP
17 Battery Place
New York, NY 10004-1101
(212) 943-0880
Attorneys for Defendants

HARTMANN DOHERTY & ROSA, LLC
67 Wall Street
22nd Floor
New York, NY 10005
(212) 344-4619
Attorneys for Plaintiffs



UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

U.S.A. United Fleet, Inc., U. S. A. United Bus Express, Inc.,
U.S.A United Transit, Inc., and United Tom Tom
Transportation, Inc.,

     Plaintiffs,    Civil Action No.: 05-CV-5901(ARR)

  against

Local 1181-1061, Amalgamated Transit Union, AFL-CIO,
a labor organization, Salvatore Battaglia, Individually and
as President thereof, John Doe and Richard Doe,  **STIPULATION OF**
et.als. being fictitious, true names being unknown to plaintiffs **SETTLEMENT AND ORDER**
and parties being connected with or affiliated with or acting in
concert with the aforesaid defendants,

     Defendants.
_____ X

  This Stipulation of Settlement and Order is hereby entered into on this ___ day of December, 2005.

  WHEREAS, the issues between the parties, as set forth in the above referenced action, have been amicably settled by the parties, as set forth below,

  The parties agree that:

  (a). the within action for injunctive relief will be dismissed with prejudice and

without costs to either party;

(b). the Temporary Restraining Order entered on December 17, 2005 by Judge Ross should be dissolved;

(c). the Request for a preliminary and permanent injunction as evidenced by the Summons and Verified Complaint, heretofore served, will be withdrawn;

(d). the amount of $940,075.60 being held by the New York City Department of Education ("DOE") will be released to the Division 1181, A.T.U.-New York Employees Pension Fund ("Pension Fund") and the Division 1181, A.T.U-New York Employees Welfare Fund ("Welfare Fund")(collectively "Funds") in payment of pension and welfare contributions due for the period ending October 31, 2005, and to Local 1181-1061 Amalgamated Transit Union ("Local 1181") for payment of union dues, credit union and defense funds for the periods set forth in paragraph (h). The Plaintiff Companies agree to notify the DOE that they no longer object to the release of the $940,075.60 as payment for amounts due through the time of the filing of the attachment by Local 1181 and the filing of the Verified Complaint by Plaintiffs and as partial payments for contributions for dues that became due thereafter for November 2005 and for contributions for credit union that became due for December 2005, only to the extent they are offset by the credits provided to the Plaintiff Companies, as stated herein;

(e). the Plaintiff Companies shall receive a credit in the amount of one hundred ninety seven thousand nine hundred fourteen dollars and eighty seven cents ($197,914.87) to be applied by the Plaintiff Companies to payments due to the welfare and pension Funds for contributions for the month of November 2005, which payments are due on December 27, 2005. The Companies shall pay the amounts due to the Funds by check on or before December 27, 2005, net of such credit. The Plaintiff Companies shall be entitled to this credit until it is otherwise determined or adjudicated that the credit is not due, by virtue of the conclusion of the payroll audit process and applicable resolution process, as set forth in the collective bargaining agreement, the Division 1181 A.T.U- New York Employees Pension Fund & Division 1181 A.T.U.- New York Welfare Fund Policy ("Plan Policy") and other applicable documents. Any

amount determined to be due shall be paid in accordance with said process. There shall be no attachment relating to this sum until the procedures set forth in the collective bargaining agreement and the Plan Policy are satisfied. The ultimate resolution of any dispute shall be made by an arbitration or Court action.

(f). Local 1181 shall return to the Plaintiff Companies, the Companies' checks in the amount of thirty seven thousand two hundred fifteen dollars ($37,215.00) by returning checks no. 50776 in the amount of twenty seven thousand eight hundred and eighty dollars ($27,880.00) and check no. 50779 in the amount of nine thousand three hundred thirty five dollars ($9,335.00) to the Plaintiff Companies, which checks were submitted for the payment of credit union.

(g). the Plaintiff Companies' claim for reimbursement or a credit in the amount of four hundred twelve thousand six hundred eight dollars and twenty one cents, plus interest ($412,608.21 plus interest) relating to welfare payments the Plaintiff Companies made for the months of July 2003 and August 2003 shall be reserved. The Welfare Fund shall be entitled to this credit until it is otherwise determined or adjudicated that the credit is not due, by virtue of the conclusion of the payroll audit process and applicable resolution process, as set forth in the collective bargaining agreement and other applicable documents. Any amount determined to be due shall be paid in accordance with said process. The ultimate resolution of any dispute shall be made by an arbitration or Court action. In the event that after the payroll audit and subsequent proceedings, it is determined or adjudicated or voluntarily agreed that the Plaintiff Companies have overpaid as a result of this or the prior settlement, the Plaintiff Companies shall be entitled to a refund with interest if recoverable under applicable law. In the event that after the payroll audit and subsequent proceedings, it is determined or adjudicated that the Plaintiff Companies have underpaid as a result of this or the prior settlement, the Plaintiff Companies shall pay the amount of the underpayment with interest if recoverable under applicable law.

(h). The parties agree that by virtue of the payment of the $940,075.60 to the Funds and Local 1181, the Plaintiff Companies':

(i). reported welfare payments accruing through and including the month of

October 2005 (which were due on and by November 25, 2005) are paid, subject to a payroll audit that will take place in the ordinary course of operations. The aforesaid payments shall be considered paid until it is determined or adjudicated otherwise, by virtue of the conclusion of the payroll audit process and applicable resolution process, as set forth in the collective bargaining agreement, the Division 1181 A.T.U- New York Employees Pension Fund & Division 1181 A.T.U.- New York Welfare Fund Policy ("Plan Policy") and other applicable documents. Any amount determined to be due shall be paid in accordance with said process. There shall be no attachment relating to this sum until the procedures set forth in the collective bargaining agreement and the Plan Policy are satisfied. The ultimate resolution of any dispute shall be made by an arbitration or Court action. In the event that after the payroll audit and subsequent proceedings, it is determined or adjudicated or voluntarily agreed that the Plaintiff Companies have overpaid as a result of this settlement, the Plaintiff Companies shall be entitled to a refund with interest if recoverable under applicable law. In the event that after the payroll audit and subsequent proceedings, it is determined or adjudicated that the Plaintiff Companies have underpaid as a result of this settlement, the Plaintiff Companies shall pay the amount of the underpayment with interest if recoverable under applicable law.

(ii). reported pension deduction and contribution payments accruing through and including the month of October 2005 (which were due on and by November 25, 2005) are paid, subject to a payroll audit that will take place in the ordinary course of operations. The aforesaid payments shall be considered paid until it is determined or adjudicated otherwise, by virtue of the conclusion of the payroll audit process and applicable resolution process, as set forth in the collective bargaining agreement, the Division 1181 A.T.U- New York Employees Pension Fund & Division 1181 A.T.U.- New York Welfare Fund Policy ("Plan Policy") and other applicable documents. Any amount determined to be due shall be paid in accordance with said process. There shall be no attachment relating to this sum until the procedures set forth in the collective bargaining agreement and the Plan Policy are satisfied. The ultimate resolution of any dispute shall be made by an arbitration or Court action. Any amount determined to be due

shall be paid in accordance with said process. In the event that after the payroll audit and subsequent proceedings, it is determined or adjudicated or voluntarily agreed that the Plaintiff Companies have overpaid as a result of this settlement, the Plaintiff Companies shall be entitled to a refund with interest if recoverable under applicable law. In the event that after the payroll audit and subsequent proceedings, it is determined or adjudicated that the Plaintiff Companies have underpaid as a result of this settlement, the Plaintiff Companies shall pay the amount of the underpayment with interest if recoverable under applicable law.

(iii). reported Union dues and defense funds accruing through and including November 30, 2005 are paid, subject to a payroll audit that will take place in the ordinary course of operations. The aforesaid payments shall be considered paid until it is determined or adjudicated otherwise, by virtue of the conclusion of the payroll audit process and applicable resolution process, as set forth in the collective bargaining agreement, the Division 1181 A.T.U.-New York Employees Pension Fund & Division 1181 A.T.U.- New York Welfare Fund Policy ("Plan Policy") and other applicable documents. Any amount determined to be due shall be paid in accordance with said process. There shall be no attachment relating to this sum until the procedures set forth in the collective bargaining agreement and the Plan Policy are satisfied. The ultimate resolution of any dispute shall be made by an arbitration or Court action. In the event that after the payroll audit and subsequent proceedings, it is determined or adjudicated or voluntarily agreed that the Plaintiff Companies have overpaid as a result of this settlement, the Plaintiff Companies shall be entitled to a refund with interest if recoverable under applicable law. In the event that after the payroll audit and subsequent proceedings, it is determined or adjudicated that the Plaintiff Companies have underpaid as a result of this settlement, the Plaintiff Companies shall pay the amount of the underpayment with interest if recoverable under applicable law. The amount applied from the attachment is one hundred forty nine thousand two hundred sixty three dollars and seventy eight cents ($149,263.78).

(iv). reported Credit Union deductions and contributions accruing through and including the period ending December 9, 2005 are paid, subject to a payroll audit that will take

place in the ordinary course of operations. The aforesaid payments shall be considered paid until it is determined or adjudicated otherwise, by virtue of the conclusion of the payroll audit process and applicable resolution process, as set forth in the collective bargaining agreement, the Division 1181 A.T.U- New York Employees Pension Fund & Division 1181 A.T.U.- New York Welfare Fund Policy ("Plan Policy") and other applicable documents. Any amount determined to be due shall be paid in accordance with said process. There shall be no attachment relating to this sum until the procedures set forth in the collective bargaining agreement and the Plan Policy are satisfied. The ultimate resolution of any dispute shall be made by an arbitration or Court action. Any amount determined to be due shall be paid in accordance with said process. In the event that after the payroll audit and subsequent proceedings, it is determined or adjudicated or voluntarily agreed that the Plaintiff Companies have overpaid as a result of this settlement, the Plaintiff Companies shall be entitled to a refund with interest if recoverable under applicable law. In the event that after the payroll audit and subsequent proceedings, it is determined or adjudicated that the Plaintiff Companies have underpaid as a result of this settlement, the Plaintiff Companies shall pay the amount of the underpayment with interest if recoverable under applicable law. The amounts applied from the attachment are: for the period of October 14, 2005 through November 11, 2005, $37,215.00; for the period of November 18, 2005 through November 25, 2005, $19,125.00; for the period ending December 2, 2005, $9,890.00 and for the period ending December 9, 2005, $9,815.00.

(l). the Stipulation of Settlement should be So Ordered by the Court;

Therefore, the parties respectfully request that the Court Order that:

(a). the within action for injunctive relief be dismissed with prejudice and without costs to either party;

(b). the Temporary Restraining Order entered on December 17, 2005 by Judge Ross be dissolved;

(c). the Request for a preliminary and permanent injunction as evidenced by the Summons and Verified Complaint, heretofore served, be withdrawn;

(d). the amount of $940,075.60 being held by the New York City Department of Education ("DOE") will be released to the Division 1181, A.T.U.-New York Employees Pension Fund ("Pension Fund") and the Division 1181, A.T.U-New York Employees Welfare Fund ("Welfare Fund")(collectively "Funds") in payment of pension and welfare contributions due for the period ending October 31, 2005, and to Local 1181-1061 Amalgamated Transit Union ("Local 1181") for payment of union dues, credit union and defense funds for the periods set forth in paragraph (h). The Plaintiff Companies agree to notify the DOE that they no longer object to the release of the $940,075.60 as payment for amounts due through the time of the filing of the attachment by Local 1181 and the filing of the Verified Complaint by Plaintiffs and as partial payments for contributions for dues that became due thereafter for November 2005 and for contributions for credit union that became due for December 2005, only to the extent they are offset by the credits provided to the Plaintiff Companies, as stated herein;

(e). the Plaintiff Companies shall receive a credit in the amount of one hundred ninety seven thousand nine hundred fourteen dollars and eighty seven cents ($197,914.87) to be applied by the Plaintiff Companies to payments due to the welfare and pension Funds for contributions for the month of November 2005, which payments are due on December 27, 2005. The Companies shall pay the amounts due to the Funds by check on or before December 27, 2005, net of such credit. The Plaintiff Companies shall be entitled to this credit until it is otherwise determined or adjudicated that the credit is not due, by virtue of the conclusion of the payroll audit process and applicable resolution process, as set forth in the collective bargaining agreement, the Division 1181 A.T.U- New York Employees Pension Fund & Division 1181 A.T.U.- New York Welfare Fund Policy ("Plan Policy") and other applicable documents. Any amount determined to be due shall be paid in accordance with said process. There shall be no attachment relating to this sum until the procedures set forth in the collective bargaining agreement and the Plan Policy are satisfied. The ultimate resolution of any dispute shall be made by an arbitration or Court action.

(f). Local 1181 shall return to the Plaintiff Companies, the Companies' checks in the

amount of thirty seven thousand two hundred fifteen dollars ($37,215.00) by returning checks no. 50776 in the amount of twenty seven thousand eight hundred and eighty dollars ($27,880.00) and check no. 50779 in the amount of nine thousand three hundred thirty five dollars ($9,335.00) to the Plaintiff Companies, which checks were submitted for the payment of credit union.

(g). the Plaintiff Companies' claim for reimbursement or a credit in the amount of four hundred twelve thousand six hundred eight dollars and twenty one cents, plus interest ($412,608.21 plus interest) relating to welfare payments the Plaintiff Companies made for the months of July 2003 and August 2003 shall be reserved. The Welfare Fund shall be entitled to this credit until it is otherwise determined or adjudicated that the credit is not due, by virtue of the conclusion of the payroll audit process and applicable resolution process, as set forth in the collective bargaining agreement and other applicable documents. Any amount determined to be due shall be paid in accordance with said process. The ultimate resolution of any dispute shall be made by an arbitration or Court action. In the event that after the payroll audit and subsequent proceedings, it is determined or adjudicated or voluntarily agreed that the Plaintiff Companies have overpaid as a result of this or the prior settlement, the Plaintiff Companies shall be entitled to a refund with interest if recoverable under applicable law. In the event that after the payroll audit and subsequent proceedings, it is determined or adjudicated that the Plaintiff Companies have underpaid as a result of this or the prior settlement, the Plaintiff Companies shall pay the amount of the underpayment with interest if recoverable under applicable law.

(h). The parties agree that by virtue of the payment of the $940,075.60 to the Funds and Local 1181, the Plaintiff Companies':

(i). reported welfare payments accruing through and including the month of October 2005 (which were due on and by November 25, 2005) are paid, subject to a payroll audit that will take place in the ordinary course of operations. The aforesaid payments shall be considered paid until it is determined or adjudicated otherwise, by virtue of the conclusion of the payroll audit process and applicable resolution process, as set forth in the collective bargaining agreement, the Division 1181 A.T.U- New York Employees Pension Fund & Division 1181

8

A.T.U.- New York Welfare Fund Policy ("Plan Policy") and other applicable documents. Any amount determined to be due shall be paid in accordance with said process. There shall be no attachment relating to this sum until the procedures set forth in the collective bargaining agreement and the Plan Policy are satisfied. The ultimate resolution of any dispute shall be made by an arbitration or Court action. In the event that after the payroll audit and subsequent proceedings, it is determined or adjudicated or voluntarily agreed that the Plaintiff Companies have overpaid as a result of this settlement, the Plaintiff Companies shall be entitled to a refund with interest if recoverable under applicable law. In the event that after the payroll audit and subsequent proceedings, it is determined or adjudicated that the Plaintiff Companies have underpaid as a result of this settlement, the Plaintiff Companies shall pay the amount of the underpayment with interest if recoverable under applicable law.

    (ii). reported pension deduction and contribution payments accruing through and including the month of October 2005 (which were due on and by November 25, 2005) are paid, subject to a payroll audit that will take place in the ordinary course of operations. The aforesaid payments shall be considered paid until it is determined or adjudicated otherwise, by virtue of the conclusion of the payroll audit process and applicable resolution process, as set forth in the collective bargaining agreement, the Division 1181 A.T.U- New York Employees Pension Fund & Division 1181 A.T.U.- New York Welfare Fund Policy ("Plan Policy") and other applicable documents. Any amount determined to be due shall be paid in accordance with said process. There shall be no attachment relating to this sum until the procedures set forth in the collective bargaining agreement and the Plan Policy are satisfied. The ultimate resolution of any dispute shall be made by an arbitration or Court action. Any amount determined to be due shall be paid in accordance with said process. In the event that after the payroll audit and subsequent proceedings, it is determined or adjudicated or voluntarily agreed that the Plaintiff Companies have overpaid as a result of this settlement, the Plaintiff Companies shall be entitled to a refund with interest if recoverable under applicable law. In the event that after the payroll audit and subsequent proceedings, it is determined or adjudicated that the Plaintiff Companies

have underpaid as a result of this settlement, the Plaintiff Companies shall pay the amount of the underpayment with interest if recoverable under applicable law.

(iii). reported Union dues and defense funds accruing through and including November 30, 2005 are paid, subject to a payroll audit that will take place in the ordinary course of operations. The aforesaid payments shall be considered paid until it is determined or adjudicated otherwise, by virtue of the conclusion of the payroll audit process and applicable resolution process, as set forth in the collective bargaining agreement, the Division 1181 A.T.U-New York Employees Pension Fund & Division 1181 A.T.U.- New York Welfare Fund Policy ("Plan Policy") and other applicable documents. Any amount determined to be due shall be paid in accordance with said process. There shall be no attachment relating to this sum until the procedures set forth in the collective bargaining agreement and the Plan Policy are satisfied. The ultimate resolution of any dispute shall be made by an arbitration or Court action. In the event that after the payroll audit and subsequent proceedings, it is determined or adjudicated or voluntarily agreed that the Plaintiff Companies have overpaid as a result of this settlement, the Plaintiff Companies shall be entitled to a refund with interest if recoverable under applicable law. In the event that after the payroll audit and subsequent proceedings, it is determined or adjudicated that the Plaintiff Companies have underpaid as a result of this settlement, the Plaintiff Companies shall pay the amount of the underpayment with interest if recoverable under applicable law. The amount applied from the attachment is one hundred forty nine thousand two hundred sixty three dollars and seventy eight cents ($149,263.78).

(iv). reported Credit Union deductions and contributions accruing through and including the period ending December 9, 2005 are paid, subject to a payroll audit that will take place in the ordinary course of operations. The aforesaid payments shall be considered paid until it is determined or adjudicated otherwise, by virtue of the conclusion of the payroll audit process and applicable resolution process, as set forth in the collective bargaining agreement, the Division 1181 A.T.U- New York Employees Pension Fund & Division 1181 A.T.U.- New York Welfare Fund Policy ("Plan Policy") and other applicable documents. Any amount determined to

10

be due shall be paid in accordance with said process. There shall be no attachment relating to this sum until the procedures set forth in the collective bargaining agreement and the Plan Policy are satisfied. The ultimate resolution of any dispute shall be made by an arbitration or Court action. Any amount determined to be due shall be paid in accordance with said process. In the event that after the payroll audit and subsequent proceedings, it is determined or adjudicated or voluntarily agreed that the Plaintiff Companies have overpaid as a result of this settlement, the Plaintiff Companies shall be entitled to a refund with interest if recoverable under applicable law. In the event that after the payroll audit and subsequent proceedings, it is determined or adjudicated that the Plaintiff Companies have underpaid as a result of this settlement, the Plaintiff Companies shall pay the amount of the underpayment with interest if recoverable under applicable law. The amounts applied from the attachment are: for the period of October 14, 2005 through November 11, 2005, $37,215.00; for the period of November 18, 2005 through November 25, 2005, $19,125.00; for the period ending December 2, 2005, $9,890.00 and for the period ending December 9, 2005, $9,815.00.

U.S.A. United Fleet, Inc., and
U.S.A United Transit, Inc.

By: _____
Dennis Scialpi

BARBARA ANN SCHRY
NOTARY PUBLIC, STATE OF NEW YORK

Sworn and subscribed before me
this ___ day of December, 2005.

_____
Notary Public

Local 1181-1061 Amalgamated
Transit Union, AFL-CIO, and Salvatore Battaglia

By: _____
Salvatore Battaglia

Sworn and subscribed before me
this ___ day of December, 2005.

_____
Notary Public

11

| | |
|---|---|
| U. S. A. United Bus Express, Inc., <br><br> By: _Richard P. Castellano_ <br> Richard Castellano | Division 1181, A.T.U. New York Employees <br> Pension Fund <br> By: _____ |
| Sworn and subscribed before me <br> this 27 day of December 2005 <br><br> _signature_ <br> Notary Public | Sworn to and subscribed before me <br> this ____ day of December 2005 <br><br> _____ <br> Notary Public |
| United Tom Tom Transportation, Inc. <br><br> By: _____ <br> Thomas Scialpi | Division 1181-New York Employees <br> Welfare Fund <br> By: _____ |
| Sworn and subscribed before me <br> this 27 day of December 2005 <br><br> _signature_ <br> Notary Public | Sworn and subscribed before me <br> this ____ day of December 2005 <br><br> _____ <br> Notary Public |

SO ORDERED:

_____   12/28/05
Hon. Allyne R. Ross
United States District Judge

DF

**ANTHONY J. CINCOTTA, P.C.**
Attorney At Law
621 Shrewsbury Avenue
Shrewsbury, New Jersey 07702
(732) 747-0709
Fax (732) 747-0789

*Admitted in New Jersey & New York*

December 28, 2005

By Facsimile (718) 260-2386

Hon. Judge Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, N.Y.

    Re: USA United Fleet, Inc., et. al. v. Local 1181, A.T.U.
        Civil Action No.: 05- CV-5901 (ARR)

Dear Judge Ross:

Attached is a copy of the Stipulation of Settlement and Order executed by Plaintiff Companies. Upon receipt of the signature pages for Local 1181 and the Funds from Mr. Straci, I will submit a fully executed copy to Your Honor.

Thank you for your courtesy.

Respectfully,

Anthony J. Cincotta

Cc: Ronald Straci, Esq. (by fax)(w/ enc.)
    Barry Slevin, Esq. (by fax)(w/o enc.)
    Laraine Lia Castellano (by fax)